1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEN DRIESSEN,

11          Plaintiff,                        No. CIV S-03-0069 GEB KJM PS

12       vs.

13   COUNTY OF TEHAMA, et al.,                ORDER AND

14          Defendants.                       FINDINGS AND RECOMMENDATIONS

15   _____/

16          Defendants' motion for discovery sanctions came on regularly for hearing March

17   22, 2006.  No appearance was made for plaintiff.[1]  Dennis Halsey appeared for defendant City of

18   Corning.  Laurence Angelo appeared for defendant County of Tehama.  Upon review of the

19   documents in support, no opposition having been filed, upon hearing the arguments of counsel,

20   and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

21          Defendant City of Corning moves for dismissal sanctions under Federal Rule of

22   Civil Procedure 37 for plaintiff's failure to comply with the court's discovery orders.  Although

23   _____

24          [1]  Although plaintiff previously has made some appearances in this action telephonically,
     plaintiff made no request to appear telephonically at this hearing.  Moreover, defendants had
     noticed plaintiff's deposition to be held at the courthouse the date of the hearing.  Because of that
25   circumstance, the court would not have entertained a request to appear telephonically, even if it
     had been made.   At the hearing, defendants' counsel made a matter of record plaintiff's non-
26   appearance at deposition.

                                            1

1   the court has a wide range of discretion to formulate appropriate sanctions under Rule 37, where

2   the drastic sanction of dismissal is imposed, "the range of discretion is narrowed

3   and the losing party's noncompliance must be due to willfulness, fault, or bad faith." Henry v.

4   Gill Industries, 983 F.2d 943, 946 (9th Cir. 1993) (quoting Fjelstad v. American Honda Motor

5   Co., 762 F.2d 1334, 1337 (9th Cir.1985)).  Before dismissing a case for noncompliance with

6   court-ordered discovery under Rule 37, the following five factors must be weighed:

7   (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

8   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

9   cases on their merits; and (5) the availability of less drastic sanctions.  Malone v. United States

10  Postal Service, 833 F.2d 128, 130 (9th Cir.1987).  "Where a court order is violated, the first two

11  factors support sanctions and the fourth factor cuts against [dismissal].  Therefore, it is the third

12  and fifth factors that are decisive." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.

13  1990).

14          In this case, plaintiff has failed to comply with two discovery orders.  In an order

15  filed September 12, 2003, plaintiff was directed to pay defendants' expenses incurred in

16  connection with opposing plaintiff's motion to compel; the court had found plaintiff's motion

17  was made in bad faith based on plaintiff's failure to propound discovery and in the face of a

18  complete disregard of the applicable rules.  Plaintiff was cautioned in an order filed February 9,

19  2006 that the September 12, 2003 order awarding expenses stood in full effect.  Plaintiff refuses

20  to pay the duly ordered expenses awarded under Federal Rule of Civil Procedure 37(a)(4)(B).

21          On February 9, 2006, the court ordered plaintiff to provide verified responses to

22  defendant's interrogatories and produce documents responsive to the request for production of

23  documents within fourteen days.  Plaintiff has made no attempt whatsoever to comply with that

24  order.  Moreover, it appears from plaintiff's recent pleadings that he has no intent to comply with

25  any of this court's orders.  See Plaintiff's Motion to Disqualify, filed February 21, 2006, at 4:28-

26  30.  The court finds plaintiff's failure to comply with the September 12, 2003 and February 9,

2

1   2006 discovery orders to be willful and in bad faith.

2       At the hearing on the pending motions, plaintiff failed to appear or even file

3 opposition to the motion.  Defendants also noticed plaintiff's deposition to take place the date of

4 the hearing in the federal courthouse.[2]  Plaintiff failed to appear, thereby prejudicing defendants

5 in their ability to properly defend this action.  Moreover, plaintiff's failure to respond to the most

6 basic of interrogatories and requests for production of documents precludes defendants from

7 even ascertaining the basis of plaintiff's complaint.  Plaintiff's failure to pay duly ordered

8 expenses drives up defendants' costs in defending an action in which plaintiff flagrantly has

9 ignored and continues to ignore the Federal Rules of Civil Procedure.

10       Plaintiff's abuse of the court process cannot be countenanced.  The court has

11 attempted by its prior orders to guide plaintiff in the proper prosecution of this action and to

12 advise him of the requirements of complying with the Federal Rules of Civil Procedure and the

13 Local Rules.  Lesser sanctions such as requiring plaintiff to pay the expenses of defendants

14 incurred in connection with discovery motions have been unavailing.  Given the record of

15 plaintiff's intransigent behavior in prosecuting this action, the court finds upon balancing the five

16 factors set forth above that dismissal is warranted.

17       Accordingly, IT IS HEREBY ORDERED that:

18       1.  Within ten days from the date of this order, defendant City of Corning may file

19 an amended declaration with respect to the expenses incurred in connection with the pending

20 motions;

21       2.  The request for expenses stands submitted; and

22

---

23     [2]  In both the status conference held on February 8, 2006 and the order thereon after hearing, the court advised the parties that the jury room of the court would be made available in

24 an attempt to provide a neutral ground for plaintiff's deposition.  In consideration of plaintiff's pro se status, the court also advised the parties that the undersigned would be available to resolve

25 any disputes arising during the deposition.  By failing to attend his duly noticed deposition, plaintiff thwarted the court's efforts to ensure that the deposition was conducted in an appropriate

26 manner by all parties.

1    IT IS HEREBY RECOMMENDED that this action be dismissed.

2    These findings and recommendations are submitted to the United States District

3 Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

4 days after being served with these findings and recommendations, any party may file written

5 objections with the court and serve a copy on all parties.  Such a document should be captioned

6 "Objections to Findings and Recommendations."  Any reply to the objections shall be served and

7 filed within ten days after service of the objections.  The parties are advised that failure to file

8 objections within the specified time may waive the right to appeal the District Court's order.

9 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10 DATED:  March 22, 2006.

11

12    _____
       UNITED STATES MAGISTRATE JUDGE

13

14

15

16 006
   driessen.dis

17

18

19

20

21

22

23

24

25

26